**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

TRAVIS DENNY,                          :
                                              Civil Action No. 10-0371 (RMB)
            Petitioner,        :

            v.                 :      **OPINION**

WARDEN PAUL SCHULTZ, *et al.*,  :

            Respondents.       :


**APPEARANCES:**

Travis Denny
26484-051
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
Petitioner <u>pro</u> <u>se</u>


**BUMB**, District Judge

       Petitioner Travis Denny, a prisoner currently confined at

FCI Fort Dix, has submitted a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241[1] challenging the results of a

prison disciplinary proceeding. Warden Paul Schultz and James

_____

       [1] Section 2241 provides in relevant part:

       (a) Writs of habeas corpus may be granted by the Supreme Court, any justice
       thereof, the district courts and any circuit judge within their respective
       jurisdictions.
       (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in
       custody in violation of the Constitution or laws or treaties of the United States ... .

Waterfield are named as respondents.

Petitioner has paid the $5 filing fee.  Because it appears
from a review of the Petition that Petitioner is not entitled to
relief, the Petition will be dismissed.  See 28 U.S.C. § 2243.

## I.  BACKGROUND

Petitioner is currently incarcerated at the Federal
Correctional Institution at Fort Dix, New Jersey, however, the
alleged events described in the Petition occurred while
Petitioner was incarcerated at Federal Correctional Institution
Fairton.

According to the incident report filed by Officer Waterfield
on March 11, 2009, during a routine search of B-Right Cell #322,
he "noticed something in the duct work of the vent above the
sink, it was a 6 ½ inch sharpened pointed weapon.  The shank
appeared to be made out of fencing that had been straightened, it
had a black electrical tape grip, a piece of white shoelace for a
lanyard and a length of dental floss tied on to the lanyard."
The officer also found inside a false bottom in the duct work
between cells #322 and #323 another sharpened weapon similar to
the first one that was 7 inches in length and also apparently
made of fencing with an electical tape grip and a black shoelace
lanyard.  The inmates assigned to cell #322 were Petitioner
Inmate Travis Denny and Inmate Sosomon Smith.

On March 26, 2009 the Discipline Hearing Office ("DHO")

considered the evidence regarding the contraband weapons and found that Petitioner committed Possession of a Weapon, Code 104 (Incident Report No. 1843256) and imposed sanctions of disallowing 40 days of good conduct time and 60 days disciplinary segregation.  Petitioner appealed that decision.  On May 22, 2009, a response was issued to the appeal stating that, pursuant to Program Statement 5270.07, <u>Inmate Discipline and Special Housing Units</u>, it is an inmate's responsibility to keep his or her area free of contraband.  Petitioner did not deny that a homemade weapon was located in his cell, and as such, the DHO asserts in its response that the DHO reasonably found that Petitioner committed the prohibited act of possession of a weapon because he was accountable for all contraband found in his cell, including items in the duct work.

Petitioner contends that there is not sufficient evidence to support the finding of the Disciplinary Hearing Officer that he possessed the weapons since the contraband was found in a ventilation duct between cells 322 and 323.  Petitioner has exhausted his administrative remedies and now seeks to have the results of the hearing reversed by this Court.

II.   <u>STANDARDS FOR A SUA SPONTE DISMISSAL</u>

United States Code Title 28, Section 2243 provides in relevant part as follows:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith

award the writ or issue an order directing the
respondent to show cause why the writ should not be
granted, unless it appears from the application that
the applicant or person detained is not entitled
thereto.

A pro se pleading is held to less stringent standards than
more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429
U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).
A pro se habeas petition and any supporting submissions must be
construed liberally and with a measure of tolerance.  See Royce
v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney
General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v.
Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399
U.S. 912 (1970).  Nevertheless, a federal district court can
dismiss a habeas corpus petition if it appears from the face of
the petition that the petitioner is not entitled to relief.  See
Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773
F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).
See also 28 U.S.C. §§ 2243, 2255.

III.  ANALYSIS

A.  Jurisdiction

A habeas corpus petition is the proper mechanism for a
prisoner to challenge the "fact or duration" of his confinement,
Preiser v. Rodriquez, 411 U.S. 475, 498-99 (1973), including
challenges to prison disciplinary proceedings that affect the
length of confinement, such as deprivation of good time credits,

Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997).  See also Wilkinson v. Dotson, 125 S.Ct. 1242 (2005).  Accordingly, this Court has jurisdiction to hear Petitioner's challenge to disciplinary sanctions.

B.   Petitioner's Claims

Petitioner alleges that the disciplinary hearing held by the DHO and the resulting sanctions of disallowing 40 days of good conduct time and 60 days disciplinary segregation deprived of Petitioner of liberty without due process of law.

Convicted and sentenced prisoners retain the protections of the Due Process Clause of the Fifth and Fourteenth Amendments that the government may not deprive them of life, liberty, or property without due process of law.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Haines v. Kerner, 404 U.S. 519 (1972); Wilwording v. Swenson, 404 U.S. 249 (1971).  Such protections are, however, "subject to restrictions imposed by the nature of the regime to which [prisoners] have been lawfully committed. ...  In sum, there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application."  Wolff, 418 U.S. at 556.

A liberty interest protected by the Due Process Clause may arise from either of two sources:  the Due Process Clause itself or from state or federal law.  See Hewitt v. Helms, 459 U.S. 460,

5

466 (1983); <u>Asquith v. Department of Corrections</u>, 186 F.3d 407, 409 (3d Cir. 1999).

Where the government has created a right to good time credits, and has recognized that a prisoner's misconduct authorizes deprivation of the right to good time credits as a sanction,[2] the prisoner is entitled to an impartial disciplinary tribunal, <u>Wolff</u>, 418 U.S. at 570-71, excluding "only those [prison] officials who have a direct personal or otherwise substantial involvement ... in the circumstances underlying the charge from sitting on the disciplinary body," <u>Meyers v. Alldredge</u>, 492 F.2d 296, 306 (3d Cir. 1974).

To comply with the requirements of the Due Process Clause, prison officials also must provide a prisoner facing loss of good time credits with: (1) a written notice of the charges at least 24 hours prior to any hearing, (2) an opportunity to call witnesses and presented documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals, and (3) a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action.  <u>Wolff</u>, 418 U.S. at 564-66. Prisoners do not have a due process right of confrontation and

---

[2] The Constitution itself does not guarantee good time credits for satisfactory behavior in prison.  Congress, however, has provided that federal prisoners serving a term of imprisonment for more than one year, other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of their sentence based upon their conduct.  <u>See</u> 18 U.S.C. § 3624(b); 28 C.F.R. § 523.20.

cross-examination, or a right to counsel, in prison disciplinary proceedings.  Id. at 569-70.

Finally, due process requires that findings of a prison disciplinary official, that result in the loss of good time credits, must be supported by "some evidence" in the record. Superintendent, Massachusetts Correctional Institution at Wolpole v. Hill, 472 U.S. 445, 454-56 (1985).[3]

Here, Petitioner has not alleged any facts that would indicate that the disciplinary hearings and resulting sanctions were contrary in any way to the requirements set forth by the Wolff standard.  With respect to Petitioner's challenges to the sufficiency of the evidence, it is clear that the findings of the Disciplinary Hearing Officer are supported by "some evidence," including the fact that the contraband weapons were found in the duct work of Petitioner's assigned cell.  As such, Petitioner was not deprived of due process in connection with the challenged disciplinary proceeding and thus the Court will deny his Petition.

IV.   CONCLUSION

For the reasons set forth above, the Petition will be

---

[3] The due process requirements of Wolff, as they relate to federal prisoners, have been codified in the Code of Federal Regulations at 28 C.F.R. § 541.10 et seq.  See, e.g., 28 C.F.R. § 541.14 (Incident report and investigation); 28 C.F.R. § 541.16 (Establishment and functioning of the Discipline Hearing Officer); 28 C.F.R. § 541.17 (Procedures before the Discipline Hearing Officer).

denied.  An appropriate order follows.


                                        s/Renée Marie Bumb
                                        Renée Marie Bumb
                                        United States District Judge

Dated: January 21, 2011